# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

### IN RE: MIRAPEX PRODUCTS LIABILITY LITIGATION

Pamela J. Brann, et al. v. Boehringer Ingelheim )
Pharmaceuticals, Inc., et al., ) MDL No. 1836
W.D. Missouri, C.A. No. 4:11-1212 )

12cv 914
MJD1FLN

### TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Rule 7.1, plaintiffs in this action (*Brann*) move to vacate, in its entirety, our order that conditionally (1) transferred the entire action to MDL No. 1836, and (2) simultaneously separated and remanded to the transferor state court plaintiffs' claims against certain casino-related defendants (collectively the Casino Defendants).[1]  The Casino Defendants also move to vacate the order in its entirety, or, in the alternative, move to modify the order to transfer the entire action to the MDL.  The pharmaceutical company defendants[2] in *Brann* oppose both motions to vacate, but do not object to the Casino Defendants' alternative request to transfer the entire action to the MDL.

In opposing transfer, the *Brann* plaintiffs principally argue that the Panel should deny transfer because their action was improperly removed from state court, and thus remand is inevitable. Somewhat similarly, the Casino Defendants argue that the Western District of Missouri court should be permitted to rule on not only plaintiffs' remand motion but also the Casino Defendants' motion to dismiss, as both motions involve essentially the same issue – whether plaintiffs fraudulently joined the Casino Defendants in that there is no reasonable basis in fact or law supporting a claim against them.  Since plaintiffs and the Casino Defendants submitted their moving papers, however, the Western District of Missouri court has ruled on both motions, denying remand and dismissing plaintiffs' claims against the Casino Defendants.[3]

For these reasons and after consideration of all argument of counsel, we find that *Brann* involves common questions of fact with actions in this litigation previously transferred to MDL No. 1836, and that transfer will serve the convenience of the parties and witnesses and promote the

---

[*]    Judge John G. Heyburn II took no part in the decision of this matter.

[1]    Ameristar Casino Kansas City, Inc., IOC-Kansas-City, Inc., and The Missouri Gaming Company.

[2]    Boehringer Ingelheim Pharmaceuticals, Inc., Pfizer Inc., Pharmacia Corporation, and Pharmacia & Upjohn Company LLC  (collectively the Pharmaceutical Defendants).

[3]    The Casino Defendants' motion to vacate is thus moot.

A Pharmacia Corporation, a sheet(s)
record filed on 4/12/12
in the United States District Court
for the District of Minnesota.
CERTIFIED   4/16   , 2012.
RICHARD D. SLETTEN

BY:
Deputy Clerk

11.85

- 2 -

just and efficient conduct of the litigation. Moreover, transfer is warranted for reasons set out in our original order directing centralization. In that order, we held that the District of Minnesota was an appropriate Section 1407 forum for actions "involv[ing] common factual allegations concerning the alleged adverse side effects of the drug Mirapex, and the timeliness and adequacy of defendants' warnings concerning those side effects." *See In re: Mirapex Prods. Liab. Litig.*, 493 F. Supp. 2d 1376, 1377 (J.P.M.L. 2007). Similar to plaintiffs in many actions previously transferred to the MDL, the *Brann* plaintiffs allege that the Pharmaceutical Defendants marketed and promoted Mirapex as safe and effective for the treatment of Parkinson's disease and Restless Leg Syndrom, despite having knowledge that the drug was associated with involuntary and addictive behaviors.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action, in its entirety, is transferred to the District of Minnesota, and, with the consent of that court, assigned to the Honorable Michael J. Davis for inclusion in the coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that the Panel's conditional transfer order designated as "CTO-20" is deemed moot insofar as it directs that certain claims in this action be separated and remanded to the Western District of Missouri.

PANEL ON MULTIDISTRICT LITIGATION

_____

Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.          Barbara S. Jones
Paul J. Barbadoro              Marjorie O. Rendell
Charles R. Breyer